UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
JEFFREY MCKIVER,                      :
                                      :
                        Plaintiff,    :         AMENDED MEMORANDUM
                                      :         DECISION AND ORDER
            -against-                 :
                                      :         17 Civ. 4411 (GBD) (KHP)
CITY OF NEW YORK, THOMAS GERDING,     :
ALBERTO PINGY, GEORGE GARCIA,         :
AMANDA LEVY, and ZWI WASSERSTINE,     :
                                      :
                        Defendants.   :
                                      :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Plaintiff Jeffrey McKiver, *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Defendants City of New York, Assistant District Attorney Amanda Levy, Plaintiff's former defense attorney, Zwi Wasserstein,[1] and three police officers, arising out of his arrest and subsequent prosecution for the unlawful possession of drugs and a switchblade knife.[2] (*See* Compl., ECF No. 1.) This matter was referred to Magistrate Judge Katherine H. Parker for general pretrial supervision, as well as to report and recommend on any dispositive motions. (Order of Reference dated October 23, 2017, ECF No. 12.) Defendants Wasserstein, Levy, and the City of New York now move to dismiss the claims asserted against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* ECF Nos. 26, 36, and 41, respectively.)

---

[1] The complaint incorrectly spells Zwi Wasserstein's name as "Wasserstine." (*See* Compl., ECF No.1, at 1.) For the sake of clarity, this Court uses the correct spelling.

[2] The three police officers named in the complaint—Thomas Gerding, George Garcia, and Alberto Piney—have not been served with process in this matter. (*See* City of New York's Mem. in Supp. of Mot. to Dismiss, ECF No. 42, at 1 n.1.)

Before this Court are two Reports and Recommendations from Magistrate Judge Parker concerning Defendants' motions to dismiss. In her February 16, 2018 Report and Recommendation, (the "February Report," ECF No. 45), Magistrate Judge Parker recommends that Wasserstein's motion to dismiss for failure to state a claim be granted. (*Id.* at 8.) The May 16, 2018 Report and Recommendation, (the "May Report," ECF No. 54), recommends that the claims against Levy and the City of New York be similarly dismissed.[3] (*Id.* at 9.) In both Reports, Magistrate Judge Parker advised the parties that failure to file timely objections would constitute a waiver of those objections on appeal. (February Report at 8; May Report at 10.)

Having reviewed the February and May Reports for clear error and finding none, this Court ADOPTS them in full.

## I. FACTUAL BACKGROUND

Plaintiff's claims arise out of his August 22, 2014 arrest at the Port Authority Bus Terminal in New York. (May Report at 2.) Plaintiff asserts that while he was at the Port Authority, he was unlawfully stopped and searched by an undercover police officer and arrested without probable cause. (*Id.*)

However, according to documents from Plaintiff's court cases,[4] judicial notice of which may properly be taken, (*see id.* at 2 n.1.), the undercover officer stopped Plaintiff after he observed the handle of a knife sticking out of Plaintiff's pants. (*Id.* at 2.) The officer then examined the contents of Plaintiff's backpack and observed bundles of white envelopes he believed to be narcotics, which

---

[3] The relevant procedural and factual background is set forth in greater detail in the February and May Reports and is incorporated herein.

[4] As explained in the February and May Reports, Plaintiff was initially prosecuted by the New York County District Attorney's Office. However, those charges were dismissed when the U.S. Attorney's Office for the Southern District of New York obtained an indictment charging Plaintiff for the same underlying conduct. (*See* May Report at 3.)

2

were later confirmed as 3,499 glassine envelopes of heroin. (*Id.*) The officer and his partner placed Plaintiff under arrest and took him to 100 Centre Street, where he met with Defendant ADA Levy. (*Id.* at 3.)

Levy advised Plaintiff of his Miranda rights and asked Plaintiff if he wanted to make a statement. (*Id.*) Because Plaintiff declined and asked for an attorney, no statement was taken. (*Id.*) At or about that time, the court assigned Defendant Wasserstein, an attorney with the New York County Defender Services, to represent Plaintiff. (February Report at 2.) On or about September 3, 2014, a grand jury in New York County indicted Plaintiff for Criminal Possession of a Controlled Substance in the Second Degree and Criminal Possession of a Weapon in the Third Degree, among other crimes. (May Report at 3.) Soon thereafter, a federal grand jury in the Southern District of New York returned an indictment against Plaintiff based on the same underlying facts as the state court indictment. (*Id.*) In light of the federal case pending against Plaintiff, the New York County District Attorney's Office dismissed all charges against Plaintiff. (*Id.*) ADA Levy signed the documents dismissing the charges against Plaintiff. (*Id.*)

In connection with his federal criminal case, Plaintiff moved to suppress the evidence recovered by the undercover police officer, arguing that the drugs and the switchblade knife were the fruits of an unlawful stop and search. (*Id.* at 4.) United States District Judge Shira A. Scheindlin (Ret.) held a suppression hearing on Plaintiff's motion over the course of three days, after which Judge Scheindlin denied Defendant's motion to suppress. (*Id.*) Plaintiff ultimately pled guilty to the sole count charged in the federal indictment, and was sentenced to sixty-eight months' imprisonment and five years of supervised release. (*Id.*)

In his Section 1983 complaint, Plaintiff asserts that the August 22, 2014 stop and search were unlawful and that the police officers lied about the circumstances giving rise to the stop. (*Id.* at 3)

Plaintiff also claims that the officers used excessive force against him when they placed him under arrest and that they did not inform him of his Miranda rights when they interrogated him. (*Id.* at 3–4.)

Plaintiff also claims that ADA Levy did not permit him to stand beside his attorney when he was indicted. (*Id.* at 4.) In addition, the complaint alleges that an "Assistant District Attorney" said that if Plaintiff did not accept a plea offer for one to three years' imprisonment, "the Federal system was going to take [the] case." (Compl. at 13.) It is not clear, however, to whom Plaintiff is referring. In response to Defendants' motion to dismiss, Plaintiff further claims that the prosecutor improperly "vouched" for the police officers, though again it is unclear to whom Plaintiff is referring. (May Report at 4.)

Plaintiff alleges that Attorney Wasserstein committed legal malpractice and provided him ineffective assistance of counsel. (February Report at 3.) In particular, Plaintiff claims that Wasserstein ignored Plaintiff's wishes to testify before the New York County grand jury and waived Plaintiff's right to testify without his consent. (*Id.* at 2.) Plaintiff further claims that Wasserstein failed to investigate Plaintiff's claims of innocence by failing to seek surveillance video from the Port Authority Bus Terminal. (*Id.*) Plaintiff also alleges that Wasserstein failed to competently cross-examine the arresting officers, failed to consult Plaintiff about entering a plea, failed to object to certain conduct by the prosecution, failed to obtain funds to hire an investigator, delayed filing a motion to suppress, and conspired with the state prosecutor and the arresting officers to deprive him of his constitutional rights. (*Id.* at 2–3.)

## II. LEGAL STANDARDS

### A. Reports and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Where there are objections, however, the court must make a *de novo* determination as to those portions of the report to which objections are made. *See* 28 U.S.C. § 636(b)(1)(C); *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own independent conclusion" regarding those portions of the report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)).

### B. Motion to Dismiss under Rule 12(b)(6)

To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

5

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a 12(b)(6) motion, the court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The court, however, need not credit "mere conclusory statements," *Iqbal*, 556 U.S. at 678, nor must it give effect to "legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

*Pro se* litigants are generally "entitled to some latitude in meeting these requirements, as [their complaints] are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Martinez v. Ravikumar*, 536 F. Supp. 2d 369, 370 (S.D.N.Y. 2008) (quoting *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997)). Nonetheless, to withstand a motion to dismiss, "a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face." *Chukwueze v. NYCERS*, 891 F. Supp. 2d 443, 450 (S.D.N.Y. 2012) (internal quotation marks and citation omitted). "Even from pro se plaintiffs, bald assertions and conclusions of law are not adequate." *Ruotolo v. Fannie Mae*, 933 F. Supp. 2d 512, 524 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

### III. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

Plaintiff filed untimely responses raising only perfunctory objections to the February and May Reports and the recommendations contained therein. (*See* Pl.'s Objs. to the February Report ("February Objections"), ECF No. 59;[5] Pl.'s Objs. to the May Report, ECF No. 60.) Insofar as

---

[5] Plaintiff's submission is styled as a "Response to Defendant [sic] Motion to Dismiss" and is addressed to Magistrate Judge Parker. However, because the submission makes reference to the recommended dismissal of Plaintiff's claims against Defendant Wasserstein, this Court understands it as representing Plaintiff's objections to the February Report.

6

Plaintiff's "objections" do not address the substance of Magistrate Judge Parker's Reports or their legal reasoning, clear error is the appropriate standard of review based on Plaintiff's general and perfunctory objections. However, even applying a *de novo* standard, Plaintiff's complaint must be dismissed for failure to state a cause of action against Defendants Wasserstein, Levy, and the City of New York.

### A. Plaintiff's Claims Against Wasserstein

The February Report construed Plaintiff's complaint as asserting two causes of action against Wasserstein: (1) a violation of Plaintiff's civil rights under Section 1983 by providing ineffective assistance of counsel and conspiring with the NYPD and Defendant Levy to fabricate a case against him; and (2) legal malpractice under New York common law. (February Report at 4.) As the February Report properly found, neither claim is valid.

The February Report correctly found that Plaintiff's allegations about Wasserstein's performance as his attorney do not state a claim for relief under Section 1983. (February Report at 5.) As the Report notes, it is well settled that an attorney performing the traditional functions of defense counsel is not acting under color of state law, an essential element of a Section 1983 claim. (*Id.* (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).) The February Report also correctly found that Plaintiff's allegations of a conspiracy between Wasserstein, the police, and ADA Levy lack sufficient factual content to form the basis of a Section 1983 claim. (February Report at 6.) Where, as here, a plaintiff's "conspiracy allegations are strictly conclusory" and the plaintiff "has not provided any 'details of time and place,'... his § 1983 conspiracy claim must be dismissed." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (citation omitted). Plaintiff's conclusory assertion that Wasserstein, the police officers, and Defendant Levy were all working

7

together "under color of State law," (February Objs. at 2), is insufficient to establish this claim. Accordingly, Plaintiff's Section 1983 claim is dismissed.

The February Report further correctly found that Plaintiff's state law malpractice claim fails as well. (February Report at 7.) "[T]o state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, [a] plaintiff must allege his innocence or a colorable claim of innocence of the underlying offense, for so long as the determination of his guilt of that offense remains undisturbed, no cause of action will lie." *Abuhouran v. Lans*, 269 F. App'x 134, 135 (2d Cir. 2008). Here, Plaintiff concedes that he possessed marijuana and a knife when he was arrested, and he pled guilty to the federal charge of possessing heroin with the intent to distribute. (Compl. at 8–10.) Thus, as the February Report correctly found, Plaintiff cannot establish a colorable claim of innocence. (February Report at 7.) Plaintiff's legal malpractice claim is therefore dismissed.

### B. Plaintiff's Claims Against Levy

The May Report correctly found that Plaintiff's claims against Defendant Levy are barred by the doctrine of prosecutorial immunity. (May Report at 7.) As the May Report notes, the Eleventh Amendment protects prosecutors from being sued in their official capacities. *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993). In addition, acts taken by a prosecutor during the performance of traditional prosecutorial functions, including initiating a prosecution, engaging in plea negotiations, and dismissing charges, are "entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1992). The May Report correctly found that Plaintiff's allegations against Levy concern her actions as a prosecutor and involve the discharge of traditional prosecutorial duties. (May Report at 7.) Accordingly, Levy is entitled to immunity from the claims Plaintiff asserts against her. Those claims are therefore dismissed.

## C. Plaintiff's Claims Against the City of New York

The May Report also correctly found that Plaintiff has failed to state a claim against the City of New York. (May Report at 9.) It is well settled that a municipality may be held liable under Section 1983 "for the violation of a person's civil rights only if the moving force behind that violation was an official policy or custom of the municipality." *Williams v. Town of Southington*, 205 F.3d 1327 (2d Cir. 2000) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–94 (1978). Thus, to prevail on a Section 1983 claim against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). Where a plaintiff fails to identify a specific policy, custom, or practice that caused the alleged constitutional violation, the claims against the municipality must be dismissed. *See Costello v. City of Burlington*, 632 F.3d 41, 49 (2d Cir. 2011).

As the May Report correctly found, Plaintiff's complaint fails to allege any facts showing the existence of a policy, custom, or practice that caused the alleged constitutional violation. Furthermore, as the Report found, a claim based on a single incident, as here, is insufficient to give rise to municipal liability under Section 1983. *See Fenner v. City of New York*, No. 08-CV-2355 (BMC) (LB), 2009 WL 5066810, at *4 (E.D.N.Y. Dec. 21, 2009) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985)). The May Report therefore appropriately concluded that Plaintiff's complaint fails, as a matter of law, to state a claim against the City of New York. (May Report at 9.) Plaintiff's claims against the City of New York are therefore dismissed.

9

## IV. CONCLUSION

Magistrate Judge Parker's February and May Reports are ADOPTED. The motions to dismiss brought by Defendants Wasserstein, Levy, and the City of New York, (ECF Nos. 26, 36, and 41), are GRANTED.[6]

The Clerk of Court is directed to close the motions accordingly.[7]

Dated: New York, New York
July 23, 2018

SO ORDERED.

*[signature]*

GEORGE B. DANIELS
United States District Judge

---

[6] On June 6, 2018, Plaintiff filed an application requesting that this Court seek counsel to represent him pro bono. (*See* ECF No. 57.) However, for the reasons articulated herein, as well as in the February and May Reports, Plaintiff has failed to show that any of his claims have merit. Accordingly, Plaintiff's request for the appointment of pro bono counsel is DENIED.

[7] A previous version of this Memorandum Decision and Order dated July 19, 2018, erroneously directed the Clerk of Court to close this case and enter judgment accordingly. (*See* ECF No. 61.) The Clerk of Court is hereby directed to VACATE the Judgment dated July 20, 2018, (ECF No. 62), until further order of this Court and reopen this action.

10