USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 0 1 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

JEFFREY MCKIVER,

                     Plaintiff,

      -against-

OFFICER THOMAS GERDING, ALBERTO PINEY,
and GEORGE GARCIA,

                     Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 4411 (GBD) (KHP)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Jeffrey McKiver brings this action against Defendant Police Officers Thomas Gerding, Alberto Piney, and George Garcia, pursuant to 42 U.S.C. § 1983, in connection with his arrest and subsequent prosecution for unlawful possession of drugs and a knife.[1] (Compl., ECF No. 1.) Plaintiff alleges that he was illegally stopped and searched and then arrested without probable cause. (*Id.* at 3, 8–11.)

Before this Court is Magistrate Judge Katharine H. Parker's July 17, 2019 Report and Recommendation ("Report"), recommending that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Report, ECF No. 94, at 2–3.) Magistrate Judge Parker advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 5.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

---

[1] Three additional Defendants, originally involved in this case, have since been dismissed by this Court: Plaintiff's former attorney Zwi Wasserstein, Assistant District Attorney Amanda Levy, and the City of New York. (Am. Mem. Decision and Order, ECF No. 63.)

## I. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## II. PLAINTIFF'S CLAIMS ARE DISMISSED FOR FAILURE TO PROSECUTE

Magistrate Judge Parker appropriately found that dismissal of this action is warranted in view of Plaintiff's failure to prosecute his claims. Rule 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962))). "The primary rationale underlying a dismissal under [Rule] 41(b) is the failure of [a] plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). District courts must weigh five factors when deciding whether to dismiss an action under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (citation and internal quotation marks omitted). All five factors are satisfied here. (*See* Report at 3–4.)

First, Plaintiff failed to appear at any of the three case management conferences that Magistrate Judge Parker scheduled over a nearly four-month period, without notifying Magistrate Judge Parker or Defendants that he would be unable to attend. (*Id.* at 2.) Moreover, his whereabouts were unknown from approximately March 6, 2019, when Defendants informed Magistrate Judge Parker that Plaintiff had apparently been released from prison, (Defs.' Letter dated Mar. 6, 2019, ECF No. 9, at 1), to September 6, 2019, when Plaintiff finally updated his address with this Court, (Notice of Change of Address, ECF No. 96). However, this was nearly *two months after* Magistrate Judge Parker had already issued her Report recommending dismissal of this action.

Second, Plaintiff received adequate notice about the possibility of dismissal for failure to prosecute. Back in October 2017, Chief Judge Colleen McMahon issued an order stating that "it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and [that] the Court may dismiss the action if Plaintiff fails to do so." (Order Granting IFP Appl. in Prisoner Case, ECF No. 9.) Magistrate Judge Parker also issued an order on May 8, 2019 that this action could be dismissed if Plaintiff failed to appear at the conference scheduled for June 24, 2019 or to notify her in advance of his inability to attend. (Order Rescheduling Initial Case Management Conference, ECF No. 92.)

Third, Magistrate Judge Parker appropriately found that "Plaintiff's unreasonable and unexplained delay" already did, and would continue to, prejudice Defendants. (Report at 4.)

Fourth, Plaintiff has had a "fair chance to be heard" but relinquished this right by failing to diligently prosecute this action following his release from prison or to provide any explanation for

3

his delay. Indeed, aside from updating his address on September 9, 2019, Plaintiff has otherwise had no contact with this Court or with Magistrate Judge Parker since December 2018. (*See id.*) Nor has Plaintiff filed any objection to Magistrate Judge Parker's Report.

Finally, Magistrate Judge Parker properly found that a monetary sanction would be "a harsher remedy than dismissal," given Plaintiff's status as an *in forma pauperis* litigant.

Thus, as the Report correctly found, dismissed of this action for failure to prosecute is appropriate. (*Id.* at 5.)

### III. CONCLUSION

Magistrate Judge Parker's Report is ADOPTED. The Clerk of Court is directed to mail a copy of this memorandum decision and order to Plaintiff at 1205 Eastern Parkway Apt. #8, Brooklyn, NY 11213.

Dated: New York, New York
September 30, 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4